## DuBOSE v. ARMSTRONG.

Defendant in claim and delivery appealed from a verdict in a trial justice's court before judgment was entered. The appeal was dismissed on its merits and plaintiffs then moved the trial justice to strike out part of the verdict as surplusage. This motion was granted and judgment entered, whereupon defendant appealed. The Circuit Judge held that the trial justice erred and ordered a new trial. *Held*, that the verdict not being in the form required by law, a new trial was properly ordered.

Before WITHERSPOON, J., Kershaw, September, 1887.

The opinion sufficiently states the case.

*Mr. J. T. Hay*, for appellant.

*Mr. W. D. Trantham*, contra.

July 2, 1888. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff brought action in a trial justice's court to recover possession of a certain horse mule. The defendant answered orally, denying ownership in plaintiff and claiming title in himself. The jury "found the mule for the plaintiff upon the payment of thiry-five dollars to the defendant." Upon appeal to the Circuit Court, his honor, Judge Norton, affirmed the judgment below, dismissing the appeal.

Whereupon the plaintiff's attorney gave notice that he would, on 7th day of May, 1887, move the trial justice, 1st. For judgment in favor of plaintiff for the delivery of the mule, the subject of the action, to the plaintiff, and to strike out of the verdict as surplusage the words, "upon the payment of $35 to defendant." 2nd. For the costs of the action. The defendant's attorney also gave notice that he would move to set aside the verdict rendered by the jury in the case, on the ground, 1st. Because the verdict

was such as to leave it in doubt who was the losing party, or who should pay the costs. 2nd. Because the verdict is not such as was justified by the case, as made by the pleadings or by the facts developed on the trial. 3rd. Because the verdict, if enforced in part, would work manifest injury upon the defendant, and accomplish that which was not contemplated by the jury. Upon the hearing of these two motions the trial justice granted that of the plaintiff, striking from the verdict the words, "upon the payment of thirty-five dollars to the defendant," as surplusage, and ordering the mule to be delivered to the plaintiff, and that defendant pay all costs.

From this the defendant appealed, because his honor erred in refusing the defendant's motion to set aside the verdict, the jury having been, as they announced at the trial, unable to agree upon a verdict either for the plaintiff or the defendant, and having found the verdict herein as a special verdict or compromise between the parties. And that he erred in striking out as surplusage the words, "upon the payment of thirty-five dollars to the defendant," and also in ordering the costs to be paid by the defendant. His honor, Judge Witherspoon, heard this appeal, and holding that the judgment from which the defendant had here appealed, was really the only judgment which had been rendered by the trial justice, he ruled that the second and third grounds of the appeal should be sustained, as the trial justice, in his opinion, erred in striking from the verdict the words above as surplusage, and also as to the costs. And reaching this conclusion, he reversed the judgment below, and under section 368, Code, set aside the verdict and granted a new trial.

From this order or decree the plaintiff has appealed upon exceptions as follows : 1. That his honor erred in holding that no judgment was rendered in this action until May 9, 1887. 2. That his honor erred in overruling the judgment of the trial justice striking out a portion of the verdict of the jury as surplusage. 3. That he ordered a new trial in the action. 4. That he erred in reversing the judgment of the trial justice herein in favor of the plaintiff for the possession of the property claimed and for costs.

It is apparent that the proceedings in this case have not been

in strict conformity with the law as applicable to the higher courts; on the contrary, they were somewhat irregular. The first appeal does not seem to have been based upon any judgment rendered or entered upon the verdict of the jury. It was more in the nature of a motion for a new trial for error in the verdict, arising from misdirection by the trial justice in his charge, and no question was made therein as to the character of the judgment to be entered upon said verdict. In fact, no judgment seems to have been granted until after the case went back from the first appeal, when the two motions above were made, and when in response to the plaintiff's motion the judgment herein was granted.

Section 368 of the Code, under which his honor, Judge Witherspoon, acted, is very broad. It provides that in cases of appeal from trial justice courts, the appellate court upon hearing the appeal, shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. Whatever may have been the intention of the jury, the verdict is not in accordance with the form specified in the code in actions of claim and delivery of personal property; nor was it in such form as the court could so correct or amend as to bring it in form. And it appears to us that his honor reached the right conclusion, to wit: that the case should go back for a new trial. To this end,

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE MCGOWAN concurred.

MR. JUSTICE MCIVER concurred in the result.